IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA K. LISH-BROWN,

        Plaintiff,

vs.                                                                                            No. CIV 07-0417 JB/WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand or Reverse Administrative Agency Decision, filed April 10, 2008 (Doc. 18). The Defendant filed opposition to the Motion, see Defendant's Response to Plaintiff's Motion to Reverse/Remand, filed May 29, 2008 (Doc. 20), and Plaintiff Donna K. Lish-Brown filed a reply, see Reply in Support of Motion to Reverse or Remand Administrative Agency Decision, filed June 18, 2008 (Doc. 21). Having reviewed the record de novo and considered the United States Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD"), and Plaintiff's objections thereto, and being otherwise fully advised, the Court finds that Lish-Brown's objections to the PF&RD should be sustained in part and overruled in part, and the matter should be remanded to the Administrative Law Judge for further findings of fact.

        Lish-Brown first objects that the Administrative Law Judge's decision lacked sufficient detail regarding any findings that the ALJ made in arriving at Lish-Brown's Residual Functional Capacity ("RFC"). See Plaintiff's Objections to the Magistrates [sic] Proposed Findings and Recommended Disposition, filed December 23, 2009 (Doc. 25)("Objections"). The Court finds this

objection is well-taken. As Social Security Ruling 96-8p states, and as the United States Court of Appeals for the Tenth Circuit has repeated, the ALJ should make a "function-by-function" assessment of a claimant's "functional limitations and restrictions," or at least make an affirmative finding that none exist. SSR 96-8p; Lawton v. Barnhart, 121 Fed. Appx. 364, 374 (10th Cir. 2005). The Court will not find that this error is harmless because it has the effect of making the ALJ's decision regarding the claimant's disabilities essentially unreviewable; the reviewing court is not able to determine what physical impairments, if any, the ALJ was considering when making his or her other determinations. In this case, while one could infer from the ALJ's findings that Lish-Brown suffered no physical limitations, it is not clear. See Admin. Record at 23-25. The Court will thus sustain Lish-Brown's first objection to the PF&RD and remand the case to the ALJ for explicit findings regarding Lish-Brown's functional limitations and restrictions, or the lack thereof.

Next, Lish-Brown objects that the ALJ failed adequately to develop evidence as to her alleged anxiety disorder. The Court finds that there is sufficient evidence in the record from which the ALJ could come to his conclusion, and is not convinced that the situation demands an additional consultative examination. To the extent that Lish-Brown objects that "the ALJ failed to develop the evidence of Ms. Lish-Brown's functional limitations stemming from her history of anxiety disorder and anxiety attacks," Objections at 3, the ALJ will address this objection on remand based on her first objection. Otherwise, Lish-Brown's second objection to the PF&RD is overruled.[1] The Court

---

[1] The case that Lish-Brown cited as authority for the proposition that the ALJ erred in not ordering a consultative examination does not help her. In Madrid v. Barnhart, 447 F.3d 788 (10th Cir. 2006), the ALJ knew of the existence of certain medical test results regarding his pro se claimant's condition, yet held that the claimant was not disabled without the aid of those results, putting the burden on the claimant to present them in support of his case. See id. at 791-92. The Tenth Circuit remanded for further development of the record. See id. In doing so, it warned that, if the test results were unavailable or insufficient to flesh out the record, "the ALJ may need to order a consultative rheumatological examination." Id. at 791. Ultimately, however, the Tenth Circuit

is not convinced that the ALJ did not sufficiently develop the facts regarding her anxiety disorder or ignored medical evidence regarding that disorder.  See Reply in Support of Motion to Reverse or Remand Administrative Agency Decision at 2-3, filed June 18, 2008 (Doc. 21).  The ALJ stated in his decision that he considered the evidence regarding this disorder, though he did not address it piece-by-piece, and he apparently found that Lish-Brown's anxiety was a symptom of her other impairments and not a sufficient independent ground for disability.  See Admin. Record at 24.

Finally, Lish-Brown objects to the Magistrate Judge's decision to uphold the ALJ's finding that Lish-Brown did not suffer from "severe" depression.  The Court will overrule this objection as well.  First and foremost, for the reasons stated in the PF&RD, the Court finds that, if the ALJ's holding on this issue is error, it is harmless.[2]  Second, while Lish-Brown provided evidence of her depression, the Court cannot find that it was error for the ALJ to find that her depression was not "severe."  As the Tenth Circuit has recognized, although it refers to the severity showing as a "de minimis" requirement, "the mere presence of a condition is not sufficient to make a step-two showing," and Congress intended that a condition, to be considered severe, "be of a nature and degree of severity sufficient to justify its consideration as the *cause of failure to obtain any*

---

left it to the ALJ, on remand, to determine whether the record was factually sufficient to make a decisive ruling on disability.  Id. at 792 ("Although the current state of the record suggests that a consultative exam may be necessary, we leave the decision whether to order a consultative exam up to the ALJ.").

[2] The Court finds that a district court, sitting in initial review of an ALJ's denial of benefits, may apply the harmless-error rule in cases in which the Tenth Circuit would apply that rule.  In Fischer-Ross v. Barnhart, 431 F.3d 729 (10th Cir. 2005), the district court had remanded a case in which the ALJ had upheld the Commissioner of Social Security's decision to deny benefits.  See id. at 730. The Commissioner appealed that decision, and the Tenth Circuit reversed, finding that the error committed by the ALJ was harmless.  See id. at 734-35.  If the Tenth Circuit will reverse a district court for remanding a social-security case to the ALJ based on an error that is harmless, the Court believes that it should not remand such harmless-error cases.

*substantial gainful work*." Williamson v. Barnhart, 350 F.3d 1097, 1099 (10th Cir. 2003)(citing S. Rep. No. 1987, 83d Cong., 2d Sess., reprinted in 1954 U.S.Code Cong. & Ad. News 3710, 3730)(emphasis in opinion).  The Court overrules Lish-Brown's third objection to the PF&RD.  The Court adopts the PF&RD except insofar as it rejected Lish-Brown's contentions regarding Social Security Ruling 96-8p.

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition is adopted in part and rejected in part, and Plaintiff Donna K. Lish-Brown's matter is remanded to the Administrative Law Judge for further findings consistent with this Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Michael D. Armstrong
Albuquerque, New Mexico

    *Attorney for Plaintiff*

Gregory J. Fouratt
  United States Attorney
Manuel Lucero
Cynthia L. Weisman
  Assistant United States Attorney
Albuquerque, New Mexico

-- and --

Virginia Watson Keyes
Office of the General Counsel
Social Security Administration
Dallas, Texas

    *Attorneys for the Defendant*